AO 91 (Rev. 11/11) Criminal Complaint

AUSA: Kevin Mulcahy　Telephone: (313) 226-9713
Special Agent: Laura Trainer　Telephone: (313) 226-0500

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Timothy Raymond Milley

Case No. 
Case: 2:20-mj-30138
Judge: Unassigned,
Filed: 03-20-2020 At 02:48 PM
USA v. SEAL MATTER (CMP)(MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 2012 - June 21, 2013__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2242(b) | Online enticement |
| 18 U.S.C. § 2423(b) | Travel in foreign commerce to engage in illicit sexual conduct |

This criminal complaint is based on these facts:
See attached.

☑ Continued on the attached sheet.

_Complainant's signature_

Laura Trainer, Special Agent
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: March 20, 2020

City and state: Detroit, Michigan

Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Laura Trainer, being first duly sworn, state as follows:

### INTRODUCTION

1. I am a Special Agent with the Department of Homeland Security Homeland Security Investigations (HSI) in Detroit, Michigan. I have been employed as a Special Agent for HSI since March 2007 and am currently assigned to the Cyber Crimes Group. While employed as a Special Agent by HSI, I have assisted with investigations related to child exploitation and child pornography. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. In June 2019, I successfully completed the International Crimes Against Children (ICAC) Undercover Chatting Investigations training held in Fairfax, Virginia.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **Timothy Raymond MILLEY (DOB: XX/XX/1953)** for violations of 18 U.S.C. § 2242(b), which makes it a crime for any person to utilize the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States

to knowingly persuade, induce, entice, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or to attempt to do so; and 18 U.S.C. § 2423(b), which makes it a crime for any person to travel into the United States with a motivating purpose of engaging in any illicit sexual conduct with another person.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information made available to me by other law enforcement professionals. These facts are provided for the sole purpose of establishing probable cause for the issuance of a criminal complaint and arrest warrant; therefore, this affidavit does not necessarily contain all information uncovered during this investigation. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for an arrest warrant for **Timothy Raymond MILLEY.**

## PROBABLE CAUSE

4. On January 28, 2020, the HSI Office of the Assistant Attaché Toronto (HSI Toronto) received a request for assistance from the Peel Regional

Police Service regarding the identification of a possible victim of Child Exploitation who resided in the HSI Detroit Area of Responsibility (herein referred at as Adult Victim 1 or AV1). Upon learning about the arrest of **Milley** in Canada, AV1 contacted the Canadian authorities and advised he/she had been victimized by **Milley** seven years prior when he/she was a minor. AV1 was willing to provide the details of what had transpired.

5. On February 10, 2020, HSI Forensic Interview Specialist (FIS) Amy Allen conducted a forensic interview of AV1. AV1 made the following pertinent, non-verbatim statements:

   i. AV1 is currently 22 years old and was approximately 15 years old at the time he/she was victimized by Timothy Raymond **Milley**, who traveled from Ontario, Canada to Woodhaven, Michigan in order to engage in sex and sex acts with AV1.

   ii. AV1 disclosed he/she met **Milley** while talking online in chat rooms during the summer between 8th and 9th grades when he/she was 15 years old. AV1 disclosed they began communicating every day for approximately six months via the "Text Plus" app and text messaging using his/her iPad and cell phone. AV1 disclosed his/her year of birth was visible on the chatting app, and he/she was sure

Milley knew his/her age stating, "it was not hidden". AV1 stated he/she felt manipulated by Milley because he/she was 15-years-old, did not know any better and "he should have known better".

iii. AV1 knew Milley lived in Canada and he said he was involved in the church as "a minister, preacher, reverend". Milley knew AV1 was in school, when he/she got out and that he would have to pick AV1 up when he traveled to meet him/her.

iv. AV1 disclosed Milley would explain what he wanted to do to him/her sexually and what he/she would do to him. Milley asked for "inappropriate, naked, sexual" pictures of AV1 and he sent naked pictures to him/her, specifically from the waist down. AV1 confirmed that he/she sent pictures of his/her breasts and genitalia, and that his/her face was not visible in the pictures. AV1 disclosed Milley asked for more pictures, and he/she "felt like they were never ending, he probably got a picture every day". AV1 stated Milley also sent pictures of his face, his motorcycle, his son and a park by the water.

v. AV1 disclosed Milley traveled from Ontario, Canada to Trenton, Michigan in the summer of 2013. Milley told AV1 that he was

stopped at the Ambassador Bridge Port of Entry, and his vehicle was searched. **Milley** told AV1 he was happy he/she did not text him while he was at the Bridge. AV1 stated **Milley** picked him/her up in front of Trenton High School in a silver hatchback vehicle and drove to a Best Western hotel in Woodhaven, Michigan because he was a Rewards member at that hotel. AV1 disclosed the intention for him traveling to see him/her was for sex. AV-1 disclosed he/she sat in the car while **Milley** rented a hotel room, and they went into the back door to get to the room. AV1 disclosed **Milley** brought a bag with him into the hotel room and wanted AV1 to stay the night, but he/she could not stay.

vi. AV-1 disclosed once inside the hotel room, **Milley** directed him/her to perform oral sex on him and directed him/her to climb on top of him and have vaginal sex until he ejaculated. AV1 could not remember if **Milley** wore a condom during sex. While they were in the room and after sex had occurred, **Milley** told AV1 "we can't be together". When asked to explain what **Milley** meant by that statement, AV1 disclosed "I was 15-years-old, and he was a predator breaking the law". AV1 disclosed **Milley** drove him/her back to

        Trenton so he/she could walk home. AV1 disclosed that things were not the same after that day and that **Milley** became distant.

vii. AV1 positively identified a picture of **Milley** and also a picture of a park by the water. Upon seeing the first picture of **Milley**, AV1 stated, "yeah, that's obviously him. I knew him as Tim, but his profile name was Red Rider".

viii. AV1 disclosed that **MILLEY** "left me in the dark, I don't know why". AV1 also disclosed "I had no idea the decisions I made at 15 would be affecting me at 22". AV1 disclosed that he/she does not trust anyone, lost his/her faith in Jesus Christ and is in a dark place.

ix. AV1 disclosed that he/she tried to find **Milley** to tell him how this has affected him/her and that is when he/she discovered he had been arrested in Canada.

x. AV1 provided **Milley's** telephone number to FIS Allen.

6. Your affiant performed a search query in law enforcement databases for **Milley's** border crossing history, and discovered he entered the United States from Canada at the Ambassador Bridge Port of Entry in Detroit, Michigan on June 20, 2013 at 1741. **Milley** was traveling alone and declared to the Customs and Border Protection Officer he was a Canadian

citizen, lived in Deseronto, Ontario, Canada and that he was staying one night in United States then going through Sault St. Marie back into Canada and back home through the Canadian side. **Milley** also stated he was planning a motorcycle trip with a group later in the summer and wanted to make the trip first in a car. **Milley** was admitted into the United States.

7. On February 11, 2020, in response to a subpoena, Best Western provided information about **Milley**. Your affiant received the results of the request on February 12, 2020 and confirmed **Milley** was, in fact, a Rewards Program member and did stay at the Best Western Hotel located at 21700 West Road, Woodhaven, Michigan 48183 for one night on June 20, 2013, and checked out on June 21, 2013.

8. An outbound record check confirmed that **Milley** entered into Canada from Port Huron, Michigan via the Blue Water Bridge Port of Entry at approximately 1001 on June 21, 2013.

9. Following his/her interview on February 10, 2020, AV1 gave HSI Computer Forensic Agent (CFA) David Alley consent to forensically download his/her iPad that contained conversations and pictures that were exchanged between **Milley** and AV1. Your affiant reviewed the content of iPad and observed the following:

    i. Under "Photos", your affiant observed a screenshot of numerous chat room conversations and AV1's profile in the background and a selfie style photo of AV1 is visible in the foreground. This screenshot is dated "April 8, 2013". The following information is visible in the picture of AV1's profile:

        a. AV1's first name and first initial of his/her last name

        b. "15 years old"

        c. "The D, USA"

        d. AV1's date of birth

        e. AV1's sex

    ii. Your affiant observed the username "Red Rider" under the conversations. The profile picture matched the description of **Milley**. A partial view of the conversation can be read, to include, "Missed you baby (kissing face emoji)…[sentence blocked by AV1's picture]…your on I need picture…[sentence blocked by AV1's picture]

10. On June 4, 2019, **Milley** was placed under arrest by Peel Regional Police after he arrived at a pre-arranged meeting location in order to engage in sexual relations with someone he believed to be 13 years old. **Milley** was charged with Luring a Child to Commit a Sexual Act, Luring a Child to Commit Sexual Interference, Making an Arrangement to Commit a Sexual Assault, Making an Arrangement to Commit a Sexual Interference and Luring a Child to Commit Invitation to Sexual Touching. **Milley** was employed as a Reverend at the Cataraqui Church in Kingston, Ontario, Canada at the time of his arrest. He has no criminal history in the United States.

11. On March 4, 2020, your Affiant sent a Summons to AT&T, Inc. and Sprint requesting subscriber and call information from May 1, 2013, through July 31, 2013, for AV1's telephone number. An analysis of both sets of phone tolls showed AV1 communicated 21 times via text message in the nearly three hour period from 10:24 pm on June 20, 2013, to 1:33 am on June 21, 2013, with the telephone number (613) 583-6353. AV1 identified this number as the one used by **Milley**. Four telephone calls occurred between AV1 and telephone number (613) 583-6353 in June 2013, with 3 of the 4 calls occurring on the night of June 20, 2013.

12. During his/her forensic interview on February 10, 2020, AV1 told HSI that telephone number (613) 583-6353 belonged to **Milley**, and that after they met on June 20, 2013, **Milley** became distant and they did not talk as much. Consistent with this disclosure, the subpoena results from the toll records showed no communication between AV1 and **Milley** after June 21, 2013.

13. AV1 stated his/her parents were attempting to contact him/her while he/she was with **Milley** on June 20-21, 2013. Your affiant observed a telephone call from (734) ***-9998 at 2133 that night. AV1 has that telephone number stored as "Mother" in his/her contacts.

## CONCLUSION

14. Your Affiant respectfully submits that there is probable cause to believe that **Timothy Raymond MILLEY** violated 18 U.S.C. § 2242(b) (online enticement) and 18 U.S.C. § 2423(b) (travel in foreign commerce to engage in illicit sexual conduct).

15. Wherefore by this affidavit and application, Affiant requests that the Court authorize the issuance of a criminal complaint and arrest warrant for **Timothy Raymond MILLEY**.

Respectfully submitted,

_____
Laura Trainer, Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn to before me in my presence and/or by reliable electronic means on the __20__ th day of March 2020.

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE